*No. 14-0998 – Rich v. Simoni*

Benjamin, Justice concurring:

I agree with the majority's reformulation of the certified question to pertain specifically to Rule 5.4 of the Rules of Professional Conduct, as a determination of whether a Rule of Professional Conduct may constitute a statement of public policy should always be made on a rule by rule basis. I write separately, however, to express my belief that a Rule of Professional Conduct should only be determined to be a source of judicially conceived public policy when the rule at issue serves the public interest, not just the interest of the profession.

In *Rocky Mountain Hosp. and Medical Service v. Mariani,* 916 P.2d 519 (1996), a court deciding whether a professional ethical code governing public accountants should be adopted as a source of public policy, reasoned that

> [s]tatutes by their nature are the most reasonable and common sources for defining public policy. In limited circumstances, however, we agree with the jurisdictions that hold there may be other sources of public policy such as administrative regulations and professional ethical codes. However, we quickly note that even those courts that have adopted ethical codes as a source of public policy have not done so without limitation. *See Pierce*, 417 A.2d at 512. In particular, in order to qualify as public policy, the ethical provision must be designed to serve the interests of the public rather than the interests of the profession. The provision may not concern merely technical matters or administrative

regulations. In addition, the provision must provide a clear mandate to act or not to act in a particular way. Finally, the viability of ethical codes as a source of public policy must depend on a balancing between the public interest served by the professional code and the need of an employer to make legitimate business decisions. We also adopt these limitations as a prudent check on the public policy exception to employment at-will.

Thus, we hold that professional ethical codes may in certain circumstances be a source of public policy. However, we emphasize that any public policy must serve the public interest and be sufficiently concrete to notify employers and employees of the behavior it requires.

*Id.* at 525.

Consistent with *Mariani*, I would have limited the holding in this case to express that the Rules of Professional Conduct may, in certain circumstances, be a source of judicially conceived public policy when the rule at issue serves the public interest, not just the interest of the profession. Accordingly, I concur with the majority's decision.